**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Roy Wisotzkey,**
**Petitioner Below, Petitioner**

**vs)  No. 20-0494** (Berkeley County 18-C-238)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Self-represented petitioner Roy Wisotzkey appeals the March 26, 2020, order of the Circuit Court of Berkeley County dismissing his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in August of 2013, petitioner was convicted in the Circuit Court of Berkeley County of felony murder, first-degree robbery, conspiracy, and burglary. The circuit court sentenced petitioner to the following terms of incarceration: life with the possibility of parole eligibility for the felony murder conviction; fifty years for the first-degree robbery conviction; one to five years for the conspiracy conviction; and one to fifteen years for the burglary conviction. The circuit court ran the felony murder and robbery sentences consecutively to each other and concurrently to the sentences for conspiracy and burglary.

1

Petitioner appealed his convictions in *State v. Wisotzkey* ("*Wisotzkey I*"), No. 13-1240, 2014 WL 6607462 (W. Va. November 21, 2014) (memorandum decision), and raised the following assignments of error: (1) insufficient evidence to sustain petitioner's convictions; (2) improper denial of petitioner's proposed petit larceny jury instruction as a lesser-included offense of robbery; (3) abuse of discretion in failing to suppress petitioner's statements to the police; and (4) error in allowing the State to proceed to trial on two separate robbery counts: (a) a felony murder count based on the robbery of the wife; and (b) a separate count based on the robbery of the husband. This Court rejected the assignments of error and affirmed petitioner's convictions. *See id.* at *4-10.

On May 9, 2016, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Berkeley County. The circuit court appointed habeas counsel. On October 17, 2016, habeas counsel filed an amended petition and a *Losh* checklist.[1] In the amended petition, petitioner raised sixteen grounds for relief.[2] By order entered on November 30, 2016, the circuit court denied habeas relief, finding that "[u]pon review of the [a]mended [p]etition for [a writ of] [h]abeas [c]orpus, the [r]ecord . . ., and relevant legal authority, . . . no hearing is necessary[.]" Petitioner did not appeal the circuit court's November 30, 2016, order.

On July 25, 2017, petitioner filed a second habeas petition in the circuit court, alleging ineffective assistance of habeas counsel. In alleging that habeas counsel failed to develop his grounds for relief, petitioner stated on the second habeas corpus petition form that he "did not [a]ppeal [the denial of the first habeas petition] because habeas counsel filed an amended habeas corpus petition with a mere recitation of the grounds without factual support or case law. Due to the ineffective assistance of habeas counsel[,] there were no grounds for [relief] that were fully developed for appeal purposes."

By order entered on August 15, 2017, the circuit court determined that it could dispose of the second petition based on the "present record." The circuit court found that "[d]espite [p]etitioner's argument, a review of [p]etitioner's case history reveals that [p]etitioner's habeas

---

[1]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

[2]The sixteen grounds for relief raised in the October 17, 2016, amended habeas petition were: (1) mental incompetency at the time of the offenses; (2) denial of counsel; (3) unintelligent waiver of counsel; (4) coerced confessions; (5) denial of bail; (6) prejudicial pretrial publicity; (7) improper venue; (8) mental incompetency at the time of trial; (9) incompetency to stand trial due to drug use; (10) constitutional errors involving the denial of petitioner's motion to suppress; (11) improper denial of a petit larceny jury instruction as a lesser-included offense of robbery; (12) prejudicial statements made by the presiding judge; (13) unconstitutionality of the felony murder statute; (14) insufficiency of the evidence; (15) excessive sentence; and (16) ineffective assistance of trial counsel.

counsel adequately prepared for the first habeas proceeding." Accordingly, the circuit court denied the second petition, concluding that "[h]abeas counsel cannot be found ineffective simply because a habeas petition is found unsuccessful, and [p]etitioner has not shown that his habeas counsel's performance fell below an objective standard of reasonableness or that, but for habeas counsel's alleged errors, the first habeas petition would have been successful." In *Wisotzkey v. Terry* ("*Wisotzkey II*"), No. 17-0773, 2018 WL 1719541 (W. Va. April 9, 2018) (memorandum decision), this Court affirmed the circuit court's denial of the second habeas petition, adopting its "well-reasoned findings and conclusions[.]" *Id.* at *3.

On July 24, 2018, petitioner filed the instant habeas petition—his third—in the circuit court, stating that he was "reassert[ing] all of the preceding grounds for habeas corpus relief" because habeas counsel failed "to advise him" that he could appeal the circuit court's November 30, 2016, order denying the first petition. Petitioner stated on the third habeas corpus petition form that he "did not appeal [the denial of the first habeas petition] due to the fact that my court appointed habeas counsel failed to notify me of my rights and failed to perfect an appeal from the circuit court's denial of relief." This response contradicted petitioner's answer in the second petition where he stated that he did not appeal the denial of the first petition because he did not believe that any appeal would be meritorious.[3] By order entered on March 26, 2020, the circuit court dismissed the instant petition, concluding that "[n]o evidentiary hearing is required for the [c]ourt to make its findings and conclusions because all of the matters alleged can readily be determined by reference to the record in the underlying criminal case . . . and . . . [p]etitioner's prior habeas corpus cases[.]"

Petitioner now appeals the circuit court's March 26, 2020, order dismissing the instant habeas petition. This Court reviews a circuit court order dismissing a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary

---

[3]Petitioner completed forms in order to file his second and third habeas petitions that included a question, in which he was asked to explain why he did not file an appeal from the denial of the first habeas petition. This question was numbered 11(d) on the form for the second petition and 11(c) on the form for the instant petition.

3

evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

The standards for evaluating an ineffective assistance of counsel claim are as follows:

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

. . . .

In deciding ineffective of [sic] assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pts. 1 & 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

On appeal, petitioner argues that the circuit court erred in dismissing the instant petition because habeas counsel failed to advise him that he could appeal the denial of the first petition. Respondent counters that the circuit court properly dismissed the instant petition. We agree with respondent.

In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we cautioned habeas petitioners against providing "false answers to any of the questions posed in the . . . petition form." *Id.* at 771, 277 S.E.2d at 612. Here, petitioner was asked to explain why he did not file an appeal from the denial of the first habeas petition and gave contradictory answers when filing his second and third habeas petitions. In filing the instant petition, petitioner stated that habeas counsel failed to advise him of his right to appeal the November 30, 2016, order denying his first habeas petition. This response is contradicted by his answer in the second petition where he stated that he did not appeal the denial of the first petition because he did not believe that any appeal would be meritorious. In the second petition, petitioner argued that counsel provided ineffective assistance in the first habeas proceeding. In *Wisotzkey II*, we adopted the circuit court's well-reasoned findings that "[p]etitioner has not shown that his habeas counsel's performance fell below an objective standard of reasonableness or that, but for habeas counsel's alleged errors, the first habeas petition would have been successful." 2018 WL 1719541, at *4. Accordingly, petitioner

4

changed his focus from habeas counsel's performance in the first proceeding to the lack of an appeal following that proceeding. However, because petitioner failed to include the allegation that habeas counsel did not advise him of his right to appeal in the second petition, we find that petitioner's inclusion of that allegation in the instant petition is not credible. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing the instant habeas petition pursuant to Syllabus Point 3 of *Anstey*. 237 W. Va. at 411, 787 S.E.2d at 864; *see Losh*, 166 W. Va. at 771, 277 S.E.2d at 612 (finding that a circuit court may "summarily deny unsupported claims").

For the foregoing reasons, we affirm the circuit court's March 26, 2020, order dismissing petitioner's instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton